FILED
SUPERIOR COURT
OF GUAM

2022 AUG -8 PM 5: 1

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| RAY J. AFLAGUE, | ) | CIVIL CASE NO. CV0570-10 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD E. MOYLAN, | ) | |
| as Administrator of the Estate of Jane | ) | |
| Doris Aflague Moylan, PILA MARIE | ) | |
| AFLAGUE CRUZ, MARILYN | ) | DECISION AND ORDER RE. |
| CONSTANCE AFLAGUE, NORMA | ) | MOTION FOR RECONSIDERATION |
| JEAN AFLAGUE, FREDDIE JUNIOR | ) | |
| AFLAGUE, CHRISTINE AFLAGUE | ) | |
| EVANGELISTA, JOHN AFLAGUE, | ) | |
| JENNIFER AFLAGUE RABAGO, | ) | |
| MONICA AFLAGUE HUSAIN, | ) | |
| ERMINIA MARIE CRISOSTOMO | ) | |
| AFLAGUE, ELIZABETH IGLESIAS | ) | |
| AFLAGUE, and MARIE MESA CRUZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RICHARD E. MOYLAN, as Administrator | ) | |
| of the Estate of Jane Doris Aflague Moylan, | ) | |
| FREDDIE DAVID AFLAGUE and | ) | |
| ERMINIA MARIE CRISOSTOMO | ) | |
| AFLAGUE, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAY J. AFLAGUE, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

This matter is before the Honorable Maria T. Cenzon on Defendants/Counterclaim Plaintiffs' *Motion for Reconsideration.*[1] On January 25, 2022, the Estate of Jane Doris Aflague Moylan through Richard Moylan ("Moylan") filed its Motion for Reconsideration of this Court's *Decision and Order Sua Sponte Dismissing Case Without Prejudice* (Jan. 21, 2022)(the "Dismissal Decision"), due to Plaintiff Ray J. Aflague's ("Plaintiff" or "Ray") failure to join indispensable parties Guam Ancestral Lands Commission (GALC) and Department of Land Management, Government of Guam (DLM) as ordered by this Court in its Order dated October 21, 2021, following remand of this case from the Guam Supreme Court in *Aflague vs. Moylan,* CVA18-008. *Opinion* (Sept. 28, 2020); *Judgment in CVA18-008* (Sept. 28, 2020); *Mandate in CVA18-008* (Oct. 20, 2020). In the *Judgment* and *Mandate* issued by the Guam Supreme Court, on remand, the Superior Court was instructed to join the Guam Ancestral Lands Commission and Department of Land Management as necessary and indispensable parties to this litigation.

Consistent with the Supreme Court *Mandate,* this Court issued its October 21, 2021, *Order For Joinder of the Guam Ancestral Lands Commission and the Department of Land Management Pursuant to Mandate of the Supreme Court of Guam* (the "Joinder Order") mandating that the GALC and DLM "be joined in this action as a party plaintiff, or if they refuse to be joined as such plaintiff, as an involuntary plaintiff or defendant." *Order* at p. 3 (Oct. 21, 2021). It was further ordered that "such joinder be effected [sic] by PLAINTIFF by appropriate process within **THIRTY (30) DAYS** after the date of this Order; and that if GALC and DLM cannot be joined within such time provided in this Order, this action shall, without

---

[1] Richard E. Moylan, as Administrator of the Estate of Jane Doris Aflague Moylan, brought the Motion for Reconsideration, and Freddie David Aflague and Ermnia Marie Crisostomo Aflague ("Freddie and Erminia" or "Ermenia and Freddie") filed their Notice of Joinder in Motion for Reconsideration. The Court addresses the Motion collectively, on behalf of all movants.

further order, be dismissed by the clerk without prejudice." Id. (emphasis in original). The deadline by which to join the indispensable parties expired on **November 21, 2021**. See Dismissal Decision at 5. The Plaintiff failed to join the GALC and DLM by November 21, 2021.

It is important to stress here that none of the parties advancing any of its claims of title to the property which is the subject of this action, including the Counterclaim Plaintiffs seeking reconsideration of the Dismissal Decision, joined GALC and DLM as parties to this lawsuit. As such, as discussed at great length in this Court's Dismissal Decision (which includes an analysis of factors governing such dismissal as set forth by the Guam Supreme Court in *United Pacific Islanders' Corp. v. Cyfred, Ltd.,*2017 Guam 6; *Santos v. Carney,* 1997 Guam 4; and Rule 41(b) of the Guam Rules of Civil Procedure), on January 21, 2022, the Court dismissed this lawsuit *without prejudice*. This resulted in the Counterclaim Plaintiffs' instant Motion for Reconsideration, filed on January 25, 2022.

While the Counterclaim Plaintiffs' Motion for Reconsideration was pending, however, on February 18, 2022, Moylan filed his appeal to the Guam Supreme Court, which appeal was joined by Erminia and Freddie. *Notice of Appeal* (Feb. 18, 2022); *Defendants-Appellants Freddie D. Aflague and Erminia Marie Crosostomo Aflague's Notice of Joinder in Defendant-Appellant Estate of Jane Doris Aflague Moylan Notice of Appeal* (Feb. 21, 2022). However, Plaintiff Ray J. Aflague's Opposition to the Motion for Reconsideration was not due until February 22, 2022, which was a date *after* Counterclaim Plaintiffs filed their appeals. It is at this point where confusion then arose as to the jurisdiction of this Court to rule on the pending

Motion before it,[2] and whether the Counterclaim Plaintiffs preempted Ray Aflague's ability to file an Opposition before the Court was divested in the jurisdiction required to rule on the Motion for Reconsideration.

To add to this confusion, although Counterclaim Plaintiffs did not file a stay of their appeal in this Court in the first instance, as required under Rule 12(a)(1) of the Guam Rules of Appellate Procedure, this Court became aware of the Counterclaim Plaintiffs' motion to stay the appeal apparently filed in the first instance in the Guam Supreme Court.[3] Although the procedural requirements under the Guam Rules of Civil Procedure for motions practice and the Rules of Appellate Procedure governing stays seem to have been largely disregarded by Counterclaim Plaintiffs in proceeding on their joint Motion for Reconsideration and the appeal, this Court continued to be concerned about whether it was still obligated to issue a decision on the Motion for Reconsideration, or whether it was divested from jurisdiction over it, given the Guam Supreme Court's issuance of the Order to Show Cause ("OSC") to Counterclaim Plaintiffs to show cause in writing as to "why the appeal should not be dismissed for lack of jurisdiction," *Order to Show Cause in Supreme Court Case No. CVA22-002* (May 26, 2022), and its July 8, 2022 Order granting a stay.

Thus, the OSC indicating to this Court that the Guam Supreme Court divested the trial court of jurisdiction, together with the implication that Counterclaim Plaintiffs had filed the Motion to Stay Appeal in the Supreme Court under GRAP 12(a)(2) rather than pursuant to

---

[2] A further issue arose as to the jurisdiction of the Guam Supreme Court to hear this appeal due to this Court not having issued a Judgment.

[3] Although the trial court does not have access to review the Counterclaim Plaintiffs' Motion to Stay apparently filed in the Guam Supreme Court, Rule 12 of the GRAP provides that "a party must ordinarily move first in the Superior Court for … a stay of the judgment or order of a Superior Court pending appeal unless such motion is made in the Supreme Court after a showing that "moving first in the Superior Court would be impracticable; or . . .that, a motion having been made, the Superior Court denied the motion or failed to afford the relief requested and state any reasons given by the Superior Court for its action." GRAP 12(a)(1)(A); 12(a)(2).

GRAP 12(a)(1) and the SCOG's subsequent granting of such stay, this Court determined that it no longer had jurisdiction to rule on the Motion for Reconsideration despite that the pleadings on the Motion for Reconsideration had not yet closed when Counterclaim Plaintiffs filed their appeal.

In an abundance of caution due to this confusion caused by the Counterclaim Plaintiffs' appeal, their motion for stay filed in the Supreme Court rather than in the trial court, and the ensuing Orders issued by the Guam Supreme Court with respect to whether this Court continued to have jurisdiction, the Court took the Motion for Reconsideration "under advisement" on May 25, 2022, pursuant to Local Rule 7.1(e)(6).[4] Applying the 90 day time standard under 7 GCA § 4101(e) and Administrative Rule No. 06-001, this Court's Decision and Order would have been due on August 23, 2022. However, in its July 8, 2022 Order which was served upon this Court on July 11, 2022, the Guam Supreme Court ordered this Court to "review the pending Motion for Reconsideration and either deny it, indicate that the court is inclined to grant it so that the matter may be remanded, or indicate a specific amount of additional time required to conscientiously dispose of the motion." Order at 2. The Supreme Court further instructed as follows:

> If the Court denies the Motion for Reconsideration, it is instructed to explain how such decision is in conformity with the mandate this court issued in *Aflague v. Moylan*, 2020 Guam 18. If the Superior Court fails to comply with this directive to act **by August 8, 2022**, the Motion for reconsideration will be deemed implicitly denied and this court will proceed to issue a briefing schedule in the appeal.

---

[4] May 25, 2022 is 120 days from the Counterclaim Plaintiffs' filing of the Motion for Reconsideration, which is one of the timeframes for placing a motion UA under the Administrative Rule.

*Order in CVA22-002 of July 8, 2022* at p. 2 (emphasis added). Additionally, the Guam Supreme Court granted Counterclaim Plaintiffs' motion to stay the appeal "pending further order by this court." *Id.* at p. 3.[5]

Plaintiff Ray J. Aflague has been noticeably absent in all proceedings before this Court since the status hearing before this Court on April 14, 2021. He has not filed any Opposition to the Motion for Reconsideration. This Court has no knowledge as to whether Plaintiff has appeared in the appellate case which is currently stayed. Despite filing no responsive pleading, this Court must still make an independent determination on the Motion for Reconsideration based upon an analysis of the law and facts.

## DECISION AND ORDER

Counterclaim Plaintiffs argue that the Court's Dismissal Decision "reinstated a decision reversed by the Supreme Court on a previous appeal and urged that under the 'Rule of Mandate' the lower court was required to implement both the spirit and intent of the appellate court's mandate." *Mot. for Reconsideration* at 4. See also, *Order to Show Cause* (May 26, 2022)(citing to Counterclaim Plaintiff Estate's Mot. Stay at Ex. A (Feb. 28, 2022)). The Court disagrees with Counterclaim Plaintiffs' characterization of the proceedings before it. This Court not only adhered to the "spirit and intent" of the Mandate issued by the Guam Supreme Court, but complied with the *letter* of the law when it issued its October 22, 2021, Order compelling the joinder of the GALC and the DLM. See *Mandate, supra.* It must be emphasized that within its three (3) page order captioned: *Order For Joinder of the Guam Ancestral Lands Commission and the Department of Land Management Pursuant to Mandate of the Supreme Court of Guam,*

---

[5] The Court notes that the Guam Supreme Court's June 10, 2022 Order was not personally served upon this Court or tasked to the undersigned's team until July 11, 2022. Although the June 10 Order does not issue a mandate for this Court to act, it ruled that although the Court had not issued a Judgment after the D&O was entered, such judgment would be deemed entered 150 days after entry on the docket of the D&O, or June 23, 2022.

the Court noted that it was Counterclaim Plaintiff Moylan who initially sought the joinder of the GALC and DLM as indispensable parties at the trial court level, the denial of which motion was reversed by the Guam Supreme Court in *Aflague*.

While the Guam Supreme Court essentially granted Counterclaim Plaintiffs the relief it had fought so hard to obtain, it remains a mystery as to why, when Plaintiff failed to join the GALC and DLM by November 21, 2021, that neither Moylan, nor any of the other Counterclaim Plaintiffs undertook to join them in order to prosecute their own counterclaims. More importantly, when Plaintiff failed to join the GALC and DLM by November 21, 2021, why did they allow nearly sixty (60) more days to lapse without filing any request to hold Plaintiff accountable for failing to comply with this court-ordered mandate? A Scheduling Conference was scheduled for January 19, 2022 at 2:30 PM. *Order for Joinder* at 3. However, absent any Scheduling Order and Discovery Plan as required under CVR 16.1, proceeding with a Scheduling Conference without all indispensable parties having met and conferred is a waste of judicial resources. Consequently, after more than ample time had been provided to all parties, the Court dismissed this case *without prejudice* while carefully and painstakingly detailing the reasons therefor, including the Court's criminal calendar.

The argument that this Court's dismissal does not comply with the "spirit or intent" of the Supreme Court's mandate wholly ignores the position of the Counterclaim Plaintiffs as plaintiffs with an *obligation* to pursue and to prosecute their respective claims against the Plaintiff's title to the subject real property – regardless of whether the original Plaintiff continues to prosecute his original claims or not. As such, to mirror the Counterclaim Plaintiffs' arguments with respect to the "spirit and intent" of the Mandate, rather than awaiting Plaintiff to join GALC and DLM under the Court's October Order (in light of Plaintiff's

declaration that he was under no obligation to do so)[6], the Counterclaim Plaintiffs – as plaintiffs to their counterclaims, and consistent with the "spirit and intent" of findings of the Guam Supreme Court – could, and arguably should, have joined GALC and DLM through a variety of procedural vehicles available to them, including, but not limited to, filing a request for an Order to Show Cause to DLM and GALC, or seeking to file an Amended Counterclaim to include GALC or DLM, to name a few examples. Instead, Counterclaim Plaintiffs allowed an additional sixty (60) days to lapse after the original November 21, 2021 deadline, without taking any action on what was originally Counterclaim Plaintiff Moylan's request for joinder (through the Estate of Jane Moylan). See Decision and Order of 05/19/2015 at 3 (trial court denying Defendant Jane Aflague Moylan Motion to Join Indispensable Parties on the basis that Defendant "fails to assert any facts which might support this finding [that complete relief cannot be accorded]").

Indeed, the Opinion of the Guam Supreme Court in *Aflague* discusses the failure to join these parties under the heading, "Because the Validity of the GALC Deed Was at issue, the Superior Court Abused its Discretion in Denying Moylan's Motion to Join GALC and DLM as Necessary Parties." In fact, this Court is further directed to "determine the validity of the [GALC] deed [to Ray] based on whether notice was provided." *Aflague* at ¶23. If GALC is not joined by *any* of the parties, especially the Counterclaim Plaintiffs, the Court cannot make such a determination. Thus, counsels for Counterclaim Plaintiffs should have sought an alternative to prosecuting the counterclaims absent the Plaintiff's compliance with the Court's October Order.

Notwithstanding the confusion caused by the concurrent Motion for Reconsideration and the premature filing of the Notice of Appeal by the Counterclaim Plaintiffs before the pleadings

---

[6] See Minutes of Status Hrg. on 04/14/21 at 3:04:36 PM.

had even closed on the Motion for Reconsideration, as well as the apparent divesting of the jurisdiction of this Court to rule on the Motion for Reconsideration, the Court finds that the Counterclaim Plaintiffs would suffer an injustice should the Court extend the dismissal of Plaintiff's claims to the Counterclaim Plaintiffs. Therefore, the Court shall GRANT the Counterclaim Plaintiffs' Motion for Reconsideration upon remand to the Court by the Guam Supreme Court as set forth in its July 8, 2022 Order.

Upon such remand back to the Court, further proceedings shall be scheduled.

SO ORDERED this 8th day of August, 2022.

**HONORABLE MARIA T. CENZON**
Judge Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: _____

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam